IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| ROBERT WALLACE and | * | Case No.: 09-32921 RAG |
| CHERIE J. BROOKS-WALLACE | | |
| *Debtors* | * | Chapter 7 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| GBBR FEDERAL CREDIT UNION | * | |
| *Plaintiff* | * | |
| vs. | * | Adversary No.: 10-00126 |
| ROBERT WALLACE and | * | |
| CHERIE J. BROOKS-WALLACE | | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF**
**MOTION TO COMPEL AND FOR SANCTIONS**

Plaintiff hereby submits this Reply in Support of Plaintiff's Motion to Compel and for Sanctions. Defendants apparently rely on two legally unsupportable claims in defending against Plaintiff's Motion. First, Defendants contend that they should be permitted to act as the final arbiter of what is relevant in this matter. Second, Defendant contends that they should be exempted from the Rules of Federal Procedure, and are not required to comply with this Court's Order. Neither argument justifies Defendants continued, intentional, and malicious refusal to comply with their discovery obligations in this matter.

### A. Defendants have continued their intransigence in the face of this Court's Order by claiming they get to decide what is relevant in this matter.[1]

As stated in Plaintiff's original memorandum in support of Plaintiff's Motion, Defendants have refused to abide by their discovery obligations and this Court's Order. Indeed, rather than properly responding to discovery and producing documents, Defendants simply set forth a series of nonsensical and untimely objections. Most of these objections involved the relevance of the information sought. However, Defendants were under an Order that both demanded their compliance and required them to produce documents. Defendants failed in all aspects to comply with the Order.[2]

Defendants do not get to dictate what is relevant, especially after a Motion to Compel is granted. Indeed, the time for objections is past. *See* Fed. R. Civ. P. 33(b)(4); *see also Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 364 (D. Md. 2008) ("Rule 33(b)(4) . . . cautions that 'any ground not stated in a timely objection is waived, unless the court, for good cause, excuses the failure' . . . . The same is true for . . . objections to [a party's] document production requests."). Moreover, Defendants had an opportunity to object to these discovery requests when responding to the Motion to Compel. Defendants failed to properly respond to discovery requests, failed to offer objections prior to being ordered to respond, and continue to fail to respond. Indeed, should Defendants be permitted to adopt this stance, the waste of judicial resources and time is inevitable. Indeed, Defendants could introduce a legal quagmire wherein

---

[1] It is axiomatic that the failure to timely object to discovery requests results in the waiving of all objections. Fed. R. Civ. P. 33(b)(4). As such, Defendants' entire argument regarding whether Defendants can dictate what is relevant is moot because Defendants waived their objections to the requests for discovery by failing to timely respond. Moreover, this Court's Order demanded that Defendants produce documents. Defendants failed to produce a single document and so are in violation of this Court's order. Nonetheless, as Defendants are *pro se*, Plaintiff's will address the relevancy argument.

[2] The Order also required Defendants to provide ten deposition dates. Defendants provided less than 24 hours notice as to Defendants' availability and failed to provide the required 10 dates as four of the dates provided were weekends.

Defendants refuse to produce discovery, are compelled to produce it, object to production after being compelled, all with the inevitable result of further hearings and motions on the objections. Defendants' position therefore, would result in an absolute waste of judicial resources.

Moreover, it is not simply Defendants' duty to produce documents they have at hand, but rather, all documents in their possession and control. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 522 (D. Md. 2010) ("The duty to preserve evidence includes an obligation to identify, locate, and maintain, information that is relevant to specific, predictable, and identifiable litigation.) (internal citations omitted). Defendants, even with their response to the instant motion, have only claimed to provide documents in their immediate possession. Sanctions in this matter, therefore, are warranted.

### B. Defendants are required to abide by the Federal Rules of Bankruptcy Procedure.

Defendants are required to participate in the discovery process and abide by the federal rules. It cannot seriously be contested that Defendants are required to abide by the Federal Rules. *Asafo-Adjei v. First Sav. Mortg. Corp.*, 2010 U.S. Dist. LEXIS 16986 (D. Md. Feb. 25, 2010) ("The Federal Rules of Civil Procedure . . . apply to parties represented by counsel and *pro se* litigants alike."). Defendants have been given sufficient leeway in their status as *pro se*. Plaintiff's motion, therefore, should be granted.

### CONCLUSION

WHEREFORE, Plaintiff respectfully requests that Plaintiff's Motion be granted.

Respectfully submitted,

/s/Ken C. Gauvey

Douglas H. Seitz (Fed. Bar No. 04909)
Ken C. Gauvey (Fed. Bar No. 28464)
Offit Kurman, PA
8 Park Center Court, Suite 200
Owings Mills, Maryland   21117
(443) 738-1584
dseitz@offitkurman.com
Attorneys for GBBR FEDERAL CREDIT UNION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of March, 2011, a copy of the foregoing Motion to Compel and for Sanctions was mailed via U.S. Postal Service, first class mail, postage prepaid to:

Robert Wallace
232 Ritterslea Court
Owings Mills, MD 21117

Cherie J. Brooks-Wallace
232 Ritterslea Court
Owings Mills, MD 21117

/s/ Ken C. Gauvey
Ken C. Gauvey

4